UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD LEMA KUPSKY,

        Plaintiff,

      v.                               Case No. 21-cv-1451-bhl

C.O. CONDA, C.O. NARANGO,
C.O. KOONTZ, and RANDALL HEPP,

        Defendants.

## SCREENING ORDER

Plaintiff, Ronald Lema Kupsky, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Kupsky paid the full filing fee on December 27, 2021. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must

be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Kupsky alleges that on August 21, 2021, Defendants C.O. Conda and C.O. Narango did not give him his evening medication. Dkt. No. 1 at 2. Kupsky states that missing his medication harmed him and caused him to have a psychotic episode where he heard voices. *Id.* The episode did not end until he received his medications 24-hours later. *Id.* Kupsky filled out an inmate complaint regarding the incident. *Id.* at 2–3. The Inmate Complaint Examiner (ICE) affirmed the complaint, stating that although video surveillance shows the officers passing out medications, it cannot be verified that the officers stopped at Kupsky's cell. Dkt. No. 1-1 at 1. Lastly, Kupsky states that Defendant Koontz is liable because it is his responsibility to make sure the other

2

Defendants pass out the medication and Defendant Randall Hepp is liable because as the Warden, he is responsible for all staff inaction.  Dkt. No. 1 at 3.

**ANALYSIS**

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Kupsky's allegations invoke his rights under the Eighth Amendment, which secures an inmate's right to medical care.  Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted).  To allege a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, the plaintiff must show (1) an objectively serious medical condition; (2) that defendants knew of the condition and were deliberately indifferent in treating it; and (3) that this indifference caused plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  However, mistakes, inadvertent errors, negligence, gross negligence, and even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).  Indeed, isolated incidents of neglect do not rise to the level of deliberate indifference. *Gutierrez v. Peters,* 111 F.3d 1364, 1375 (7th Cir. 1997); *see also Anderson v. Novak*, No. 20-CV-901-BBC, 2021 WL 39621, at *2 (W.D. Wis. Jan. 5, 2021) (concluding that the defendant's "one-time mistake" did not support a constitutional claim); *Reed v. Waterman*, No. 20-CV-90-BBC, 2020 WL 2849960, at *2 (W.D. Wis. June 2, 2020)

3

(concluding that "a one-time error" regarding prescription medication was not deliberate indifference.).

Kupsky has only identified one isolated incident, from an evening medication distribution on August 21, 2021, where C.O. Conda and C.O. Narango did not give him his medication. Kupsky does not state that he was not given his medication at any other time. He also states that the episode he suffered due to the missed medication ended when he received his medication within 24-hours. Further, the ICE report Kupsky attached to his complaint also states that this was an isolated event and that he received his medication before and after this event. Dkt. No. 1-1 at 1. Therefore, based on Kupsky's complaint, he has failed to state an Eighth Amendment deliberate indifference claim against C.O. Conda and C.O. Narango.

Additionally, Kupsky fails to state a claim against Koontz and Warden Hepp. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance*, 97 F.3d at 991. Because there is no vicarious liability under §1983, supervisors are not liable for the alleged misconduct of their subordinates, employers are not liable for the alleged misconduct of their employees, and employees are not liable for the alleged misconduct of their co-workers. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor is personally involved by directing or consenting to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what he or she might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. Kupsky does not allege that Koontz and Warden Hepp were personally

4

involved in the isolated medication incident, and he does not allege that they knew about the conduct of C.O. Conda and C.O. Narango and facilitated it, approved it, condoned it, or turned a blind eye to it. Instead, Kupsky alleges that Koontz is liable because it is his responsibility to make sure the other Defendants pass out the medication and Warden Hepp is liable because he is responsible for all staff inaction. Dkt. No. 1 at 3. Accordingly, Kupsky has failed to allege sufficient facts to attach liability to Koontz and Warden Hepp. Therefore, Kupsky fails to state a claim upon which relief can be granted and the Court will dismiss his complaint.

District Courts must generally give civil *pro se* plaintiffs at least one opportunity to amend their complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). If Kupsky wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **March 2, 2022**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Kupsky is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that on or before **March 2, 2022**, Kupsky shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Kupsky a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Kupsky is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Kupsky is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge